IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONOTHAN EDWIN PELASKE,

      Plaintiff,                        No. 2: 11-cv-0757 KJN P

      vs.

MICHAEL KHORONOV, et al.,

      Defendants.                  ORDER

_____/

        Plaintiff is a prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff is incarcerated in the Shasta County Jail with pending criminal charges.  Plaintiff alleges that various criminal defense lawyers have conspired to provide him with an inadequate defense because he is accused of vandalizing the home of one of them.  Plaintiff also alleges that he has been subject to ethnic slurs by defendants.  Also named as defendants are the Shasta County Public Defender's Office, Shasta County, and the Shasta County Conflict Public Defender.  As relief, plaintiff seeks money damages and a restraining order prohibiting further harassment.

In Heck v. Humphrey, 512 U.S. 477 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not

3

1   been so invalidated is not cognizable under 1983.

2   Heck, 512 U.S. at 486.  The Court expressly held that a cause of action for damages under § 1983

3   concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has

4   been invalidated, expunged or reversed.  Id.

5   Plaintiff's claim for damages regarding alleged inadequate representation

6   implicates the validity of the criminal charges pending against him.  Under these circumstances,

7   his claim for money damages regarding inadequate representation is barred by Heck, supra.  See

8   Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000) (Heck bars claims which necessarily

9   implicate the validity of pending criminal charges).

10   Plaintiff's request for injunctive relief in the form of an order preventing

11   harassment is apparently based on defendants' alleged use of ethnic slurs.  Verbal harassment

12   alone does not violate the Constitution.  Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996),

13   amended, 135 F.3d 1318 (9th Cir. 1998); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.

14   1987); Hoptowit v. Ray, 682 F.2d 1237, 1252 (9th Cir.1982) (federal court cannot order guards

15   to refrain from using racial slurs to harass prisoners).  For these reasons, plaintiff's claim for

16   injunctive relief is legally meritless.

17   Although it is unlikely that plaintiff can cure the pleading defects discussed above,

18   the complaint is dismissed with leave to amend.  If plaintiff chooses to amend the complaint,

19   plaintiff must demonstrate how the conditions about which he complains resulted in a

20   deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also,

21   the complaint must allege in specific terms how each named defendant is involved.  Id.  There

22   can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

23   between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164,

24   167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague

25   and conclusory allegations of official participation in civil rights violations are not sufficient.

26   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1  In addition, plaintiff is hereby informed that the court cannot refer to a prior
2  pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that
3  an amended complaint be complete in itself without reference to any prior pleading.  This
4  requirement exists because, as a general rule, an amended complaint supersedes the original
5  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
6  complaint, the original pleading no longer serves any function in the case.  Therefore, in an
7  amended complaint, as in an original complaint, each claim and the involvement of each
8  defendant must be sufficiently alleged.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Shasta County Sheriff filed concurrently herewith.

      3.  Plaintiff's complaint is dismissed.

      4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a.  The completed Notice of Amendment; and

        b.  An original and one copy of the Amended Complaint.

////
////
////
////
////
////
////

1  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
2  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
3  also bear the docket number assigned to this case and must be labeled "Amended Complaint."
4  Failure to file an amended complaint in accordance with this order may result in the dismissal of
5  this action.
6  DATED:  March 25, 2011

```
                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE
```

pel757.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONOTHAN EDWIN PELASKE,<br><br>    Plaintiff,<br><br>    vs.<br><br>MICHAEL KHORNOV, et al.,<br><br>    Defendants.<br>_____ / | No. 2: 11-cv-0757 KJN P<br><br><br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed _____:

_____        Amended Complaint

DATED:

_____
Plaintiff