IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONOTHAN EDWIN PELASKE,

        Plaintiff,               No. 2: 11-cv-0757 KJM KJN P

     vs.

MICHAEL KHORONOV, et al.,

        Defendants        ORDER

_____/

        Plaintiff is proceeding without counsel or pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 25, 2011, the undersigned dismissed plaintiff's complaint with thirty days leave to file an amended complaint. Thirty days has passed and plaintiff did not file an amended complaint. Accordingly, on May 4, 2011, the undersigned recommended that this action be dismissed.

        On May 9, 2011, plaintiff filed an amended complaint. On May 18, 2011, plaintiff filed objections to the findings and recommendations. Good cause appearing, the findings and recommendations are vacated and the undersigned considers the amended complaint.

        In the amended complaint, plaintiff complains about conditions at the Shasta County Jail where he is incarcerated. Plaintiff seeks injunctive relief only. It is unclear whether

1  plaintiff is a pretrial detainee or parolee.  The undersigned considers plaintiff as a pretrial

2  detainee for purposes of this screening order.

3          Plaintiff first alleges that jail officials have enacted a policy to prevent inmates at

4  the jail from filing citizen complaints under California Penal Code § 832.5 and the First

5  Amendment.  Inmates have a fundamental right of access to the courts.  Lewis v. Casey, 518 U.S.

6  343, 346 (1996).  The right is limited to direct criminal appeals, habeas petitions and civil rights

7  actions filed pursuant to 42 U.S.C. § 1983.  Id. at 354.  The right of access to the courts does not

8  include the right to file a citizens complaint in state court.  In addition, plaintiff does not claim

9  that jail officials have prevented him from filing civil rights actions pursuant to 42 U.S.C. §

10  1983.  For these reasons, this claim is dismissed as legally frivolous.

11          Plaintiff alleges that he was placed in disciplinary segregation after being found

12  guilty of rules violations.  Plaintiff alleges that during these hearings, he was not allowed to call

13  witnesses and the rulings were not "properly decided."

14          The imposition of disciplinary segregation or other sanctions as punishment for a

15  pretrial detainee's violation of jail rules and regulations cannot be imposed without the

16  procedural due process requirements established by the Supreme Court in Wolff v. McDonnell,

17  418 U.S. 539 (1974).  See Mitchell v. Dupnik, 75 F.3d 517, 523-26 (9th Cir. 1996).  Those

18  procedural protections required by Wolff include advance written notice of the charges, no less

19  than twenty-four hours to prepare for the disciplinary hearing, a written statement by the

20  fact-finders of the evidence relied on and the reasons for the disciplinary action taken, a limited

21  right to call witnesses and present documentary evidence at the hearing, and a limited right to

22  receive assistance from a fellow inmate or correctional staff.  See Wolff, 418 U.S. at 564-70.

23          Plaintiff does not describe any of the disciplinary hearings he is challenging where

24  he was denied witnesses.  Without more specific information regarding the at-issue hearings, the

25  undersigned cannot determine whether plaintiff has stated a colorable claim for relief.  Because

26  plaintiff's claim alleging due process violations at his disciplinary hearings is vague and

1   conclusory, it is dismissed with leave to amend.

2          Plaintiff alleges that while housed in disciplinary segregation, he is only allowed

3   out of his cell for thirty minutes a day every other day for up to thirty days and allowed three

4   hours of outdoor exercise once a week.  Plaintiff also alleges that he does not have access to

5   television or radio while housed in disciplinary segregation.  Plaintiff also alleges that he is

6   forced to sleep on an outdated, half inch thick mattress while housed in disciplinary segregation.

7   Plaintiff also alleges that he lost two months of visitation after being found guilty of rules

8   violations.

9          Pretrial detainees may not be confined in conditions amounting to punishment.

10  See Bell v. Wolfish, 441 U.S. 520, 538-39 (1979).  "A condition or restriction that is reasonably

11  related to a legitimate governmental objective . . . does not, without more, amount to

12  "punishment."  Id., at 539.  Jail officials must maintain order in the jail facility, and may impose

13  reasonable disciplinary measures in response to violation of jail rules and regulations.  See Id., at

14  540, 546; see also, Mitchell v. Dupnik, 75 F.3d 517, 524-25 (9th Cir. 1996).

15         Plaintiff does not allege for how long he was housed in disciplinary segregation.

16  Without this information, the undersigned cannot determine whether plaintiff's claims

17  challenging the conditions of disciplinary segregation are colorable.  For example, if plaintiff was

18  placed in disciplinary segregation for a few days, without more the undersigned would not find

19  that plaintiff had stated a colorable claim for relief.  In addition, plaintiff must describe the rules

20  violations on which the disciplinary segregation terms were imposed.  For these reasons,

21  plaintiff's claims challenging the conditions of disciplinary segregation are dismissed with leave

22  to amend.

23         Plaintiff's claim alleging loss of visitation for two months appears separate from

24  his claims challenging the conditions of disciplinary segregation.  In other words, plaintiff does

25  not appear to claim that he was placed in disciplinary segregation for two months.  In order to

26  determine whether plaintiff's allegations regarding the loss of visitation state a colorable claim

3

1 for relief, plaintiff must describe the rules violation convictions that resulted in the loss of

2 visitation. Plaintiff must also describe the amount of time jail officials ordered that he be

3 deprived of visitation for each separate conviction.

4 As relief, plaintiff requests that defendants be ordered to provide him with a

5 Kosher diet because he is Jewish. Plaintiff also requests that defendants be ordered to hire a

6 Rabbi. Plaintiff does not allege, however, that defendants have denied his requests for a Kosher

7 diet or access to a Rabbi. For these reasons, plaintiff's request for a Kosher diet and access to a

8 Rabbi is not well supported.

9 Accordingly, IT IS HEREBY ORDERED that:

10 1. The findings and recommendations filed May 4, 2011 are vacated;

11 2. Plaintiff's amended complaint filed May 9, 2011 is dismissed with thirty days

12 to file a second amended complaint; failure to file a second amended complaint within that time

13 will result in a recommendation of dismissal of this action.

14 DATED: May 25, 2011

15

16 _____

KENDALL J. NEWMAN

17 UNITED STATES MAGISTRATE JUDGE

18 pel757.ame

19

20

21

22

23

24

25

26