IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONOTHAN EDWIN PELASKE,

        Plaintiff,                   No. 2: 11-cv-0757 KJM KJN P

   vs.

MICHAEL KHORONOV, et al.,

        Defendants.        ORDER AND

_____/   FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding without counsel or "pro se." Pending before the court is the second amended complaint filed June 7, 2011. The second amended complaint is attached to plaintiff's motion for recusal. (Dkt. No. 10).

        The second amended complaint states a potentially cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against all defendants except for defendant "CFMG." If the allegations of the second amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action as to all defendants but for defendant "CFMG."

        According to the second amended complaint, defendant "CFMG" is the company that is responsible for medical care at the Shasta County Jail. The second amended complaint contains no specific allegations against this defendant.

1

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

////

////

Because plaintiff has failed to link defendant "CFMG" to the alleged deprivations, the undersigned recommends the dismissal of this defendant. Because plaintiff has already had two opportunities to amend his complaint, he is not granted leave to file a third amended complaint to cure the pleading defects against defendant "CFMG."

Also attached to plaintiff's motion to recuse is a motion to rename the case. Plaintiff requests that the case name be changed to "Jonothan Pelaske v. Donald Van Buskirk" in order to reflect the new defendants. The court does not generally change case names based on new parties. Changing case names is administratively difficult. For these reasons, plaintiff's motion to change the case name is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to separately file the second amended complaint which is attached to plaintiff's motion to recuse (Dkt. No. 10);

2. Service is appropriate for the following defendants: Buskirk, Solvis, Mitchell, Woellert, Page, Harmon, and Austin.

3. The Clerk of the Court shall send plaintiff 7 USM-285 forms, one summons, an instruction sheet and a copy of the second amended complaint;

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Eight copies of the endorsed second amended complaint.

5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4

without payment of costs.

      6. Plaintiff's motion to change the case name, attached to his motion to recuse, is denied.

      IT IS HEREBY RECOMMENDED that defendant "CFMG" be dismissed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 15, 2011

                                          KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE

pel757.1

```
                        IN THE UNITED STATES DISTRICT COURT

                      FOR THE EASTERN DISTRICT OF CALIFORNIA

JONOTHAN EDWIN PELASKE,

         Plaintiff,                      No. 2: 11-cv-0757 KJM KJN P

    vs.

MICHAESL KHORONOV, et al.,               NOTICE OF SUBMISSION

         Defendants.                     OF DOCUMENTS
_____/
```

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

\_\_\_\_ completed summons form

\_\_\_\_ completed USM-285 forms

\_\_\_\_ copies of the _____

                                Complaint/Amended Complaint

DATED:

                                                        Plaintiff